Spear, J.
I. As to the request to charge. It is urged that the instruction asked should have been given, because:
First—It does not appear affirmatively that the next of kin sustained any pecuniary loss. The tendency of the evidence is stated in the syllabus, and need not be repeated. FVom the facts thus shown, we are asked to presume that the deceased did not contribute anything to the support of his wife or children, and hence that his life was of no value to them. We think the presumption does not follow. It was his legal, as well as moral, duty, to contribute of his wages to the support of the wife and minor child, at least, *142 and the inference, in the absence of a showing to the contrary, is that he did his duty. . But, aside from this: A right of action is given by the statute, secs. 6134, 6135. It is for' the benefit of the widow and children. The petition states, a case under the statute. The proof tended to sustain the petition. To hold as requested, on the ground urged by counsel, would be to ignore the statute.
Second—As another reason why the proposition requested should have been given to the jury it is insisted that it does not appear by the evidence that the company was guilty of actionable negligence.
If there were no evidence tending to prove actionable negligence on the part of the company, this point is well taken; if there were evidence tending to establish that fact, then it was a question for the jury whether or not the com • pany was so guilty, and the court could not, properly, determine that question for the jury in its charge.
It was averred by plaintiff that no warning, nor signal, nor notice, was given deceased of the approach of the train. No complaint was made that there was negligence on the part of the section boss in not giving deceased warning, nor on the part of the engineer of the freight train in not giving proper signals of approach, for no rules of the company required either. But the negligence charged was against the company itself for not making reasonable provision for the safety of the deceased while engaged in his work as track repairer, in that it did not require its engineers in charge of locomotives and trains to be watchful for persons at work on the track and signal them, nor did it provide any person to watch for such trains, nor in any manner protect the workmen from danger.
Under the evidence upon this issue, (which will be found summarized in the syllabus), it would seem to be apparent that there was at least a question as to the proper inference to be drawn from the facts, and that the question was one for the jury, provided any duty rested upon the company to afford means to warn men engaged, as was the deceased at the time, of the approach of trains. Upon this we suppose the law not to be in doubt in this state. In Railway *143 Co. v. Lavalley, 36 Ohio St. 221, a workman was injured while repairing a freight car standing on the track, by the striking of the car on which he was working by another car moving on the same track. He was working at the time under the direction of a foreman, and the injury was occasioned by failure to give him warning. The court laid down the general rule that “it is the duty of a railroad company to' make such regulations or provisions for the safety of its employes as will afford them reasonable protection against the dangers incident to the performance of their respective duties.” The .court further held that the duty to give warning rested on the foreman, who was the superior of Eavalley, and the company was liable for his neglect. It did not appear whether any special rule of the company required watchfulness on the part of the foreman or not. The principle of this case is re-asserted in Railway Co. v. Henderson, 37 Ohio St. 552, and in Dick v. Railroad Co., 38 Ohio St. 389.
That the above holding fixed negligence on the. foreman can make no difference in the application of the principle. If the case be one where the injury results from the want of reasonable provision by the company for the safety of its employes it is unimportant whether a rule of the company has been violated by its foreman, or the company has failed to make a proper rule on the subject, provided that it appears from the nature of the business in which the workman is engaged, the company, in the exercise of reasonable care, should have foreseen the necessity of such precautions. Negligence is always an inference from facts put in evidence, as contrasted with a fact which is the subject of direct proof. The proof disclosed facts calling for logical, as distinct from legal, deduction. Where that is the case the question is for the jury, and not for the court. And, whether or not, under the circumstances of the case at bar, the company should have anticipated the necessity, and exercised proper precaution, by prescribing a. rule requiring warning, was clearly a question for the jury. Of like character was the question of contributory negligence. As matter of law the court could not say that it would not be the duty of the *144 company to provide any means to warn men in that position of approaching danger, nor that, as matter of law, the deceased was negligent because he did not interrupt his work sufficiently to protect himself from approaching trains.
2. As to the parts of the charge excepted to. Objection is taken to the court saying to the jury that defendant admits that no means were specially employed to give signals,, etc., and submitting to the jury whether in that respect the company was negligent, because the record fails to show any such admission. It is true that the record does not show a direct admission by .the company, but its wútnesses —the engineer and conductor—testified that there was no rule on the subject so far as they knew, to wffiich there was no contradiction, and the statement, as it appears in the charge, could not have prejudiced the company’s case.
Fault is found, also, with what the court said as to ordinary care, and especially with the statement that “ no general rule can be given as to what in law constitutes ordinary care.” The court added this: “A general definition of ordinary care is such care and vigilance as a person of ordinary prudence and foresight would usually exercise under the same or similar circumstances.” Taken as a whole, we see no valid objection to this part of the charge. Had the company desired a more definite instruction, it was its privilege to ask it.
The question involved in the third paragraph excepted to is elsewhere disposed of.
Objection is taken to the court’s use of the term “ordinal negligence.” Probably the term is not in common use in our practice, but it is not unknown to the books. It was, we presume, intended by the court to import the absence of ordinary care. The attempt to distinguish different degrees of negligence has been much criticized, but we fail to find that the term here given is condemned. It is observed by Mr. Justice Bradley, in Railroad v. Lockwood, 17 Wall. 357, that “if ordinary care is due, such as a prudent man would exercise in his own affairs, failure to bestow that amount of care is called ordinary negligence.” See, also, Wharton on Negligence, sections 44, 45, 46; Sher *145 man & Redfield, section 49, and Deering, section 11. If, in the opinion of counsel, the term was likely to be misunderstood by the jury, it was the duty of counsel to call the court’s attention directly tp it.
Objection is also taken to the charge as to the rule of damages. To the extent which the charge goes it is in accord with the statute, and is correct. Had more specific instructions been thought necessary they should have been requested.
The sufficiency of the evidence has been pássed upon by the court below. This court is not required to consider that. We cannot say, from the record, that the trial court, erred, and the judgment will be

Affirmed..